**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nathaniel Johnson, Jr., Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2019-001628

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-072
Submitted January 1, 2022 – Filed February 16, 2022

---

**AFFIRMED**

---

Nathaniel Johnson, Jr., pro se.

Imani Diane Byas, of Columbia, for Respondent.

---

**PER CURIAM:** Nathaniel Johnson, Jr. appeals an order of the administrative law court (ALC) dismissing his inmate grievance appeal. On appeal, Johnson argues the ALC erred by finding it lacked jurisdiction to consider whether South Carolina Department of Corrections (SCDC) Policy OP-21.09 violates the South Carolina Constitution. We affirm.

The ALC correctly concluded it lacked authority to determine whether SCDC Policy OP-21.09 violates the South Carolina Constitution. *See Video Gaming Consultants, Inc. v. S.C. Dep't of Revenue*, 342 S.C. 34, 38, 535 S.E.2d 642, 644 (2000) ("AL[C]s have no authority to pass upon the constitutionality of a statute or regulation."); *Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 630, 733 S.E.2d 211, 218 (2012) (stating the ALC lacks authority to consider a facial challenge to the constitutionality of a SCDC policy).

Additionally, SCDC Policy OP-21.09 does not violate article XII, section 2 of the South Carolina Constitution. *See* S.C. Const. art. XII, § 2 ("The General Assembly . . . shall provide for the custody, maintenance, health, welfare, education, and rehabilitation of . . . inmates."); *S.C. Dep't of Corr. v. Cartrette*, 387 S.C. 640, 649, 694 S.E.2d 18, 23 (Ct. App. 2010) (concluding deductions from an inmate's pay for room and board did not violate the state's obligation under article XII, section 2 of the state constitution to "provide for the custody, maintenance, health, welfare, education, and rehabilitation of . . . inmates").

Further, SCDC Policy OP-21.09 was not unlawful. *See Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 418-19, 665 S.E.2d 231, 234 (Ct. App. 2008) (finding section 23-3-670 of the South Carolina Code (Supp. 2007) authorized SCDC to deduct the $250 DNA processing fee from an inmate's account).

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.